# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL D. MYSLIWIEC, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 09-cv-490-JPG-PMF |
| LEE RYKER, et al., ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Love's motion for summary judgment (Doc. No. 19). Plaintiff Michael D. Mysliwiec is challenging the conditions of his former confinement at Lawrence Correctional Center. He seeks relief pursuant to 42 U.S.C. §1983, claiming that religious freedoms protected by the First Amendment and the RLUIPA were violated when defendant Love refused to update prison records in order to reflect that he had changed his religious preference from Catholic to Jehovah's Witness.

Love seeks judgment in his favor on the affirmative defense that Mysliwiec failed to exhaust his administrative remedies. The motion, which is supported by the affidavit of Jackie Miller and written grievance forms, is unopposed. Pursuant to Rule 7.1 the absence of a response may be considered an admission to the merits of the motion. SDIL-LR 7.1(c).

Lawsuits filed by inmates are subject to the Prison Litigation Reform Act, which provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Court of Appeals requires strict compliance with the statute. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Exhaustion means the prisoner has filed complaints and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Failure to exhaust administrative remedies is an affirmative defense; the defendants bear the burden of proof. *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008).

In Illinois, the grievance process involves multiple levels of review. The process is complete when the Director – acting through the Administrative Review Board – issues a final decision. 20 Ill. Admin. Code § 504.810 et seq.

The materials submitted show that Mysliwiec did not complete the administrative remedy process before he filed this suit on June 29, 2009. Accordingly, the motion should be granted and this action should be dismissed for failure to exhaust administrative remedies. Dismissal should be without prejudice.

IT IS RECOMMENDED that defendant's motion (Doc. No. 19) be GRANTED. This action should be dismissed without prejudice for failure to exhaust administrative remedies. If this recommendation is adopted, no claims will remain for decision.

**DATED:  May 2, 2011 .**

                  S/Philip M. Frazier
                 **PHILIP M. FRAZIER**
                 **UNITED STATES MAGISTRATE JUDGE**